O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08- 3103 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Martha Hernandez, et al. v. City of Maywood, et al.* | | |

Present:   The Honorable Otis D. Wright II, United States District Judge

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present                                          Not Present

**Proceedings (In Chambers):   Defendants' Motion to Dismiss [6]**

Plaintiffs Martha Hernandez, Krystal Hernandez, Monique Paniagua and Jose Quinones (collectively, "Plaintiffs") bring this RICO and Civil Rights Complaint against Defendants City of Maywood ("City"), the Maywood-Cudahy Police Department ("Police Department"), Bruce Leflar ("Leflar"), in his individual and official capacity, Paul Pine ("Pine"), in his individual and official capacity, Officers Cunningham and Serrata and Does 1-10 (collectively, "Defendants").[1] [2]

Now before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) [6]. The Court finds this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15.

---

[1] Initially, Plaintiffs were four of 22 plaintiffs who alleged RICO and Civil Rights violations against the named Defendants herein. Pursuant to Fed. R. Civ. P. 20 and 21, the Court severed each individual party and their respective claims, thereby creating 9 separate lawsuits. *See Camarillo, et al. v. City of Maywood, et al.*, CV 07-03469 ODW (SHx), Docket #43. Following the Court's order, Plaintiffs, individually, filed the instant lawsuit on May 12, 2008.

[2] Although Plaintiffs have named 30 Doe defendants, Local Rule 19-1 allows for no more than 10 Doe or fictitiously named parties.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08- 3103 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Martha Hernandez, et al. v. City of Maywood, et al.* | | |

  The underlying factual allegations of Plaintiffs' claims are culled from one paragraph within their complaint. Plaintiffs contend that Defendants Cunningham, Serrata, and other unknown officers unlawfully entered their home and "wrongfully detained, arrested, assaulted, battered, threatened, searched, and prepared false official reports" about them. (Compl. ¶ 11.) Defendants allegedly pointed their guns at Plaintiffs, painfully handcuffed them, choked them, and beat them while they were on the ground. (Compl. ¶ 11.) During the incident, Defendants allegedly sexually molested 14-year-old Krystal Hernandez in front of her mother, Martha Hernandez. (Compl. ¶ 11.) Plaintiffs also allege that Monique Paniagua was thrown into the back of a police car and that Jose Quinones was jailed. (Compl. ¶ 11.) While in jail, Mr. Quinones alleges that Officer Cunningham kicked him, choked him, and repeatedly kneed him in the genitals. (Compl. ¶ 11.) He alleges that Officer Cunningham delayed taking him to the hospital, interfered with his medical treatment, and threatened him at the hospital. (Compl. ¶ 11.) No criminal charges were filed against Mr. Quinones as a result of the incident. Finally, Martha Hernandez contends that on February 13, 2007, Maywood City Councilman Sam Pena and "Salgado"[3] came to her home, assaulted her, and threatened her to keep quiet about the incident on September 2nd. (Compl. ¶ 11.)

  Other than this one paragraph, Plaintiffs' complaint contains the exact same sprawling, boilerplate and, in many instances, irrelevant allegations as those in the Corrected Second Amended Complaint in *Camarillo v. City of Maywood, et al.*, CV 07-3469 ODW (SHx) (C.D. Cal. 2007) (Docket #61, 65.) Even Plaintiffs' prayer for relief is identical to that of the *Camarillo* complaint, without any tailoring to the individualized facts alleged and/or injuries allegedly sustained. Defendants' Motion, moreover, seeks to dismiss the same claims as those sought to be dismissed in *Camarillo*, and consists of identical arguments in favor thereof. Further, Plaintiffs' Opposition voices the same "cut-and-paste" objections. Thus, because the Court is presented with the same bare allegations and claims, including the same arguments in favor of and in opposition to dismissing those claims, the Court adopts its analysis and conclusions previously

---

[3] Plaintiffs' complaint does not name Salgado as a Defendant and is utterly devoid of any information as to who he or she is.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08- 3103 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Martha Hernandez, et al. v. City of Maywood, et al.* | | |

discussed and reached in *Camarillo*, and rules as follows:[4]

(1)  Plaintiffs' first cause of action under RICO is DISMISSED without leave to amend[5];

(2)  Plaintiffs' second cause of action for *Monell* liability against the City and the Police Department survives, but Plaintiffs' second cause of action against Defendants Leflar and Pine in their *official* capacities is DISMISSED without leave to amend;

(3)  Plaintiffs' second cause of action for supervisorial liability against Defendants Leflar and Pine in their *individual* capacities is DISMISSED with leave to amend;

(4)  Plaintiffs' third cause of action is DISMISSED with leave to amend but only as to Defendants Leflar and Pine.  To the extent Plaintiffs' third cause of action alleges a § 1983 conspiracy, that claim is DISMISSED with leave to amend;

(5)  Plaintiffs' fourth cause of action is DISMISSED with leave to amend;

(6)  Plaintiffs' fifth cause of action is DISMISSED with leave to amend;

(7)  Plaintiffs' sixth cause of action is DISMISSED without leave to amend only as to

---

[4] The different factual scenarios giving rise to the claims in this case have been fully considered.  Unless otherwise indicated, however, the facts of this case do not differ significantly enough from those in *Camarillo* so as to warrant different conclusions.  Accordingly, unless otherwise stated, the Court's analysis and conclusions reached in *Camarillo* control.

[5] In this case, Plaintiff Jose Quinones *may* have standing to pursue his RICO claim because of his incarceration.  (Compl. ¶ 11.)  Even assuming Plaintiff Quinones suffered the required damage to his business or property, however, the requisite "pattern" of racketeering activity remains absent.  Additionally, assuming a racketeering activity is alleged, drawing all inferences in her favor, Plaintiff Martha Hernandez arguably states a "pattern" of such activity.  Nevertheless, it is clear that she has not sufficiently alleged a RICO injury and therefore has no standing to bring a RICO claim.  Thus, the Court's conclusion that Plaintiffs' RICO claim must be  dismissed is unchanged.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08- 3103 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Martha Hernandez, et al. v. City of Maywood, et al.* | | |

claims under Cal. Const. art I, §§ 1 and 7;

(8)  Plaintiffs' eleventh cause of action is DISMISSED without leave to amend; and

(9)  Plaintiffs' twelfth cause of action is DISMISSED with leave to amend but only as to Defendants Leflar and Pine.

*See Camarillo*, CV 07-3469 ODW (SHx) (C.D. Cal. Aug. 27, 2008) (Docket #75.)

The Court notes that correcting the deficiencies described herein presents quite a dubious and challenging task for Plaintiffs.  Should Plaintiffs amend, they shall do so within twenty (20) days from the date of this Order.  In doing so, however, the Court sincerely hopes that any amended complaint is the product of careful thought, deliberation and writing.  "Cut and paste" allegations and frivolous references to independent investigations and judicial proceedings are not only difficult for the Court to decipher, but do nothing to sufficiently state Plaintiffs' relevant claims.  If nothing else, the fact that Plaintiffs' counsel has cut and pasted the same insufficient allegations in all nine of the related Maywood cases, without tailoring any of them to the unique facts of each case, completely undermines the credibility and genuine nature of his clients' claims.  The Court has carefully pointed out which claims are insufficient and why.  Any amended complaint shall address these deficiencies or risk being dismissed without further leave to amend.

**IT IS SO ORDERED**.

|  | ---- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |